IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LISA MCQUEEN,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORP.; JOHN DOE, STORE MANAGER; and JOHN DOE 2,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:20-cv-452<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Lisa McQueen was injured after slipping on a puddle on the floor of a store owned by Defendant Costco Wholesale Corporation, Inc. She brought this action for damages, alleging that Costco's negligence in maintaining the safety of its store led to her injuries. After removal to this court and subsequent discovery, Costco moved for summary judgment. The court grants Costco's motion.

I.

On August 6, 2021, Ms. McQueen visited a Costco in Murray, Utah. *See* Dkt. No. 14-1 at 11:4–6, 18–24. Around 12:00 PM, while shopping in an aisle near the registers at the front of the store, Ms. McQueen slipped on a puddle and lost her balance. *See id.* at 11:25–12:2; 14:8–12; 15:18–21. She prevented herself from falling to the floor by quickly grabbing onto a shopping cart. *See id.* at 15:25;

16:1–5. Doing so, however, wrenched her body in a way that left her with lower-back and leg injuries. *See id.* at 15:25–16:5, 16–20.

At the time of the accident, Costco had a policy requiring its employees to perform a floor walk each hour to ensure the safety of the premises. *See* Dkt. No. 14-3. After performing the walk, employees verified its completion by recording the time it took place and signing their initials on a form. *See id.* The form from the date of the accident indicates that Jaden Barney performed a floor walk beginning at 11:50 AM—approximately 10 minutes before Ms. McQueen's fall. *See id.* Mr. Barney testified at his deposition that, consistent with his general practice, the inspection began at the front of the store near where Ms. McQueen was injured. *See* Dkt. No. 24-3 at 11:7–11. But at the time of his inspection, Mr. Barney did not see any hazards in that area. *See id.* at 7:12–14; 12:7–10.

The parties disagree on the size of the puddle that caused the accident. Ms. McQueen estimates its size to be 3 feet by 4 feet, *see* Dkt. No. 14-1 at 18:3–4, while Ms. Mendoza, the employee who cleaned the puddle, estimated that it was closer to 1 foot by 2 or 3 inches, *see* Dkt. No. 24-2 at 19:3–9. There is also inconsistent testimony regarding the distance from the puddle to the nearest cash register. Ms. McQueen described the location of her accident only as being "close" to the registers. *See* Dkt. No. 14-1 at 19:13–15. Mr. Barney estimated that the general area in which the accident occurred began about five feet from the nearest

register, though he never actually saw the puddle. *See* Dkt. No. 24-3 at 7:21–23. Ms. Mendoza, who cleaned up the puddle, testified that it was located 20 or 25 feet from the nearest register. *See* Dkt. No. 24-2 at 17:19–22. Dolan Hudson, who inspected the specific area of the accident after Ms. McQueen's injury, agreed. *See* Dkt. No. 24-1 at 27:7–12. Ms. Mendoza further testified that the register closest to the spill was unmanned at the time of the incident. *See* Dkt. No. 24-2 at 24:7–14.

## II.

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law"; a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether this standard is met, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## III.

Utah law recognizes two distinct types of premises liability. *See Jex v. JRA, Inc.*, 196 P.3d 576, 579–80 (Utah 2008). The first is liability for permanent unsafe conditions. *See id.* at 579. Recovery under this theory requires a plaintiff to show "that an owner chose a mode of operation that foreseeably could result in an

inherently dangerous condition." *Id.* The second type of liability is for temporary unsafe conditions. *See id.* at 580. To prevail under the latter theory, a plaintiff must show that "the defendant had knowledge of the condition, that is, either actual knowledge or constructive knowledge because the condition had existed long enough that he should have discovered it." *Id.* (citation omitted). The plaintiff must also show that "after obtaining such knowledge, sufficient time elapsed that in the exercise of reasonable care" the defendant "should have remedied" the unsafe condition. *Id.* (citation omitted). Alternatively, if the plaintiff can show that the temporary unsafe condition "was created by the defendant himself or his agents or employees, the notice requirement does not apply." *Long v. Smith Food King Store*, 531 P.2d 360, 361 (Utah 1973); *see also Jex*, 196 P.3d at 582.

In this case, Plaintiff acknowledges that the puddle that caused her injury was not a permanent unsafe condition. *See* Dkt. No. 24 at 5. And Plaintiff has not asserted that Costco had actual knowledge of the puddle or that it was created by Costco employees. It follows that the only question before the court is whether Plaintiff has presented sufficient evidence for a reasonable jury to find that the puddle was on the floor long enough that Costco should have noticed it and cleaned it up.

Under Utah law, questions of negligence should be reserved for the jury "[u]nless the evidence is free from doubt so that all reasonable men would come to

4

the same conclusion." *Anderson v. Toone*, 671 P.2d 170, 172 (Utah 1983) (*overruled on other grounds by Randle v. Allen*, 862 P.2d 1329 (Utah 1993)). "[B]are contentions, unsupported by any specification of facts" are not sufficient to create such doubt. *Massey v. Utah Power & Light*, 609 P.2d 937, 938 (Utah 1980).

In *Schnuphase v. Storehouse Markets*, for example, the plaintiff sued for injuries sustained after slipping on a scoop of ice cream that had fallen to the floor of a grocery store and remained there for two to four minutes. *See* 918 P.2d 476, 477–78 (Utah 1996). On appeal, the Utah Supreme Court concluded that the plaintiff had introduced "no evidence or any basis from which a fair inference could be drawn that [the store] should have realized that there was ice cream on the floor or that it had any opportunity to remove it." *Id.* at 478. The court observed that although the spill was theoretically within an employee's field of vision, "the store employee behind the deli counter was busy with customers and did not see the potentially hazardous condition." *Id.* Holding that no reasonable juror could conclude otherwise, the court affirmed the trial court's entry of summary judgment for the defendant. *See id.* at 480.

*Ohlson v. Safeway Stores, Inc.* presents an alternative example. *See* 568 P.2d 753 (Utah 1977). In that case, the plaintiff was injured after slipping on dry spaghetti in a grocery store. *See id.* at 754. The plaintiff introduced evidence that the spaghetti that caused her injury was "dirty, crushed, broken into small pieces,

5

and . . . extended from aisle ten around the end of that aisle into the main aisle for five or six feet toward the cash register at the front of the store." *Id.* at 754. Based on the condition and extent of this mess, the court concluded that a reasonable jury could find that the spaghetti had been on the floor for an "appreciable" amount of time before the plaintiff's accident. *See id*. The plaintiff also introduced evidence that the area where she slipped had been infrequently inspected and that some of the spaghetti "was visible from the positions of employees at the cash register." *Id.* at 755. In light of this evidence, the Utah Supreme Court concluded that whether the store employees had constructive notice of the hazard was a question for the jury. *See id.*

Finally, in *Lindsay v. Eccles,* a similar slip-and-fall action, the Utah Supreme Court held that when a plaintiff presents no evidence of how the hazard was created, when it was created, how long it existed before the accident, or whether the defendant had any knowledge of it, "a jury cannot be permitted to speculate that the defendant was negligent." 284 P.2d 477, 478 (Utah 1955).

Here, Plaintiff argues that the size of the puddle and its proximity to the nearest register were sufficient to put Costco on constructive notice of the hazard it presented. The court acknowledges that it should take less time for a defendant to obtain constructive knowledge of larger rather than smaller puddles, and of spills that are closer to, rather than farther from, the store's cash registers. But even

viewing the evidence in the light most favorable to Plaintiff, there is no evidence of how the puddle was created or that any of Defendant's employees noticed it before Plaintiff's accident. And the only evidence shedding any light on the issue of when the puddle was created suggests that it was not on the floor ten minutes before the accident.

On this record, the court concludes as a matter of law that a reasonable jury could not find that the puddle was on the floor long enough that Defendant's employees should have both "discovered it," and, "in the exercise of reasonable care," cleaned it up. *Jex*, 196 P.3d at 580 (citation omitted).

\*   \*   \*

Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 28th Day of March, 2022

_____
Howard C. Nielson, Jr.
United States District Judge

7